1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  RONALD L. BREKKE,                                  CASE NO. C14-1354-JCC

10                              Petitioner,            ORDER

11            v.

12  UNITED STATES OF AMERICA,

13                              Respondent.

14

15            This matter comes before the Court on Petitioner's motion for relief from a final

16  judgment (Dkt. No. 33) and motion for an order to show cause (Dkt. No. 34). It appears that

17  Petitioner's motion for relief from a final judgment (Dkt. No. 33) seeks to offer the following

18  contract to the Government—Petitioner will pay the Government $300,000,000, payable May

19  2049, if it releases Petitioner from his incarceration. (*See* Dkt. No. 33.) Included in Petitioner's

20  motion is a contract clause that purports to make the Government's acceptance of the contract

21  automatic if it does not respond within 10 days. (*See id.*) Petitioner's motion for an order to show

22  cause (Dkt. No. 34), filed 42 days after his first motion, asks the Court to issue an order to show

23  cause why Petitioner is still in custody, given that the Government did not respond to his offer

24  within 10 days. (*See* Dkt. No. 34.)

25            Petitioner's first motion is a Federal Rule of Civil Procedure 60(b)(5) motion, premised

26  on the theory that Petitioner's judgment has been satisfied by his contract offer (and its

impending acceptance). (*See* Dkt. No. 33.) Regardless of whether Petitioner's motion is an improper Federal Rule of Civil Procedure 60(b) motion,[1] Petitioner cannot use a contract *offer* to argue that a judgment has been satisfied. And he cannot fix this shortcoming by embedding in his offer that the Government's failure to respond results in its acceptance. *See, e.g.*, *Saluteen-Maschersky v. Countrywide Funding Corp.*, 22 P.3d 804, 808 (Wash. Ct. App. 2001). Finally, although this Rule 60(b) motion was filed in a civil case, it is really an attempt by Petitioner to overturn his criminal conviction. Rule 60(b) motions provide relief from only civil judgments, not criminal convictions and sentences. *See, e.g.*, *United States v. Tate*, 523 F. Supp. 2d 165, 168 (D. Conn. 2007).

Therefore, Petitioner's motion for relief from a final judgment (Dkt. No. 33) and motion for an order to show cause (Dkt. No. 34) are DENIED.

DATED this 9th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's underlying case is a habeas petition filed in September 2014. (Dkt. No. 1.) A defendant is generally limited to one federal habeas petition and is generally "bar[red] from filing a second or successive petition without authorization from the appropriate court of appeals." *Ybarra v. Filson*, 869 F.3d 1016, 1022 (9th Cir. 2017). A defendant cannot evade this bar by simply calling his petition a Federal Rule of Civil Procedure 60(b) motion. *Id.* A Rule 60(b) motion that raises an entirely new claim, or attacks the Court's resolution of a claim on the merits, is an improper Rule 60(b) motion. *Id.*

ORDER
C14-1354-JCC
PAGE - 2